## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| MADISON MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) | No.: 4:25-cv-4133 |
| ) vs. ) ) | |
| JEFFREY BRIGGS, ) ) | |
| Defendant. ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Madison Mutual Insurance Company ("Madison Mutual"), by counsel, and pursuant to 28 U.S.C. § 2201, brings the following Complaint for Declaratory Judgment:

1. This Complaint for Declaratory Judgment is brought pursuant to 28 U.S.C. § 2201.

### Subject Matter Jurisdiction

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil matter between citizens of different States and the amount in controversy exceeds $75,000.

3. There is complete diversity of citizenship between the parties.

    a. Plaintiff Madison Mutual Insurance Company is an Illinois mutual insurance company with its principal place of business in the state of Illinois.

    b. Defendant Jeffrey Briggs ("Briggs") is a domiciled in the state of Colorado, with his permanent address located in Denver, Colorado.

4. The amount in controversy exceeds $75,000.

    a. As discussed in more detail below, Madison Mutual issued Briggs an Automobile Policy.

  b. In certain circumstances, the Automobile Policy potentially provided underinsured motorists coverage, subject to the terms and conditions applicable to the coverage.

  c. Following an accident of February 22, 2025, Briggs has demanded that Madison Mutual pay him benefits pursuant to the Automobile Policy's underinsured motorists coverage.

  d. On information and belief, Briggs also contends his damages exceed $800,000.

  e. The policy limits of the Automobile Policy's underinsured motorists coverage are $100,000 each person.

  f. Madison Mutual maintains that it owes Briggs no benefits pursuant to the Automobile Policy's underinsured motorists coverage.

  g. Consequently, the amount in controversy is $100,000.

## Personal Jurisdiction

5. This Court has personal jurisdiction over Briggs.

6. A federal district court's personal jurisdiction over a defendant is established in a diversity-jurisdiction case where the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.

7. This District Court is located in the State of Illinois.

8. And a court of general jurisdiction in the State of Illinois would also have jurisdiction over Briggs in this matter because Briggs purchased the Automobile Policy in the State

of Illinois from an Illinois insurer through an Illinois insurance producer while he was a resident of the State of Illinois.

## Venue

9. Venue is appropriate in this Court.

10. Under 28 U.S.C. §1391, venue is appropriate in a judicial district in which a substantial part of the events giving rise to the claims occurred.

11. This is matter concerns the interpretation of an Automobile Policy issued to Briggs.

12. Briggs was a resident of East Moline, Illinois, when he purchased the Automobile Policy, and the Automobile Policy would have been delivered to East Moline.

13. East Moline, Illinois, is located in Rock Island County, Illinois.

14. Rock Island County, Illinois, is located in the Central District of Illinois, Rock Island Division.

## Grounds for Declaratory Relief

### I.   Briggs's Automobile Policy

15. Madison Mutual issued Briggs an Automobile Policy, bearing policy number PA00066134 (hereinafter the "Automobile Policy).

16. Madison Mutual has attached a certified copy of the Automobile Policy hereto as **Exhibit 1.**

17. The **UNDERINSURED MOTORISTS COVERAGE – ILLINOIS** endorsement of the Automobile Policy provided underinsured motorists coverage in certain circumstances and pursuant to the terms and conditions of that coverage.  (**Exhibit 1** at pp. 32-35.)

18. In relevant part, the declarations page of the Automobile Policy identified the limits for the underinsured motorists coverage as $100,000 each person. (**Exhibit 1** at p. 3.)

19. The insuring agreement for the Automobile Policy's **UNDERINSURED MOTORISTS COVERAGE – ILLINOIS** endorsement stated as follows:

> We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":
>
> 1. Sustained by an "insured"; and
> 2. Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".
>
> We will pay under this coverage only after the limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle" have been exhausted by payment of judgments or settlements, unless
>
> 1. We have been given written notice of a "tentative settlement" and decide to advance payment to the "insured" in an amount equal to that settlement; or
>
> 2. We and an "insured" have reached a "settlement agreement."

(**Exhibit 1** at p. 32.)

20. The Automobile Policy's **UNDERINSURED MOTORISTS COVERAGE – ILLINOIS** endorsement also had the following limit reduction provision:

> Except in the event of a "settlement agreement", the limit of liability for this coverage shall be reduced by all sums paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of this Policy.

(**Exhibit 1** at p. 33.)

21. The Automobile Policy's **UNDERINSURED MOTORISTS COVERAGE – ILLINOIS** endorsement defined "underinsured motor vehicle" as:

> "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is either:
>
> 1. Less than the limit of liability for this coverage; or
>
> 2. Reduced by payments to others injured in the accident to an amount which is less than the limit of liability for this coverage.

(**Exhibit 1** at p. 32.)

## II. The February 22, 2025, Incident and Following Claim for Underinsured Motorists Coverage

22. On February 22, 2025, Briggs was involved in an incident involving a 2019 Ram 1500 pickup truck operated by Abriana Ramirez.

23. The incident allegedly occurred when front end of the 2019 Ram 1500 pickup truck made contact with Briggs as Briggs was walking across a crosswalk.

24. Briggs was the only pedestrian involved in incident.

25. At the time of the accident, the sum of all limits of bodily injury liability coverage applicable to the 2019 Ram 1500 pickup truck equaled at least $250,000 each person.

26. For instance, on information and belief, Progressive Direct Insurance Company issued a policy of insurance applicable to the 2019 Ram 1500 pickup truck for the February 22, 2025, accident with bodily injury limits of $250,000 each person and $500,000 each accident.

27. On June 20, 2025, counsel for Briggs sent a settlement demand letter to Madison Mutual, demanding that Madison Mutual pay benefits pursuant to the Automobile Policy's **UNDERINSURED MOTORISTS COVERAGE – ILLINOIS** endorsement.

**III. The Automobile Policy Does Not Provide Any Underinsured Motorists Coverage To Briggs Given The Facts Of The Accident And Amount Of Liability Coverage Applicable to the 2019 Dodge Ram.**

28. The plain language of the Automobile Policy's **UNDERINSURED MOTORISTS COVERAGE – ILLINOIS** endorsement makes clear that the policy does not provide any underinsured motorists coverage to Briggs given the facts of the accident.

29. First, the 2019 Ram 1500 involved in the February 22, 2025, accident does not meet the Policy's definition of "underinsured motor vehicle."

   a. The insuring agreement of the Automobile Policy's **UNDERINSURED MOTORISTS COVERAGE- ILLINOIS** endorsement requires the presence of an "underinsured motor vehicle" (as defined by the endorsement) before underinsured motorists coverage is even potentially triggered.

   b. Under the endorsement, a vehicle only qualifies as an "underinsured motor vehicle" if the vehicle's limit for bodily injury liability is less than the limit for the Automobile Policy's underinsured motorists coverage.

   c. The coverage limits for the Automobile Policy's underinsured motorists coverage is $100,000 each person.

   d. The limit for bodily injury liability coverage applicable to the 2019 Ram 1500 for the February 22, 2025, automobile accident is at least $250,000 each person.

   e. As a consequence, because $250,000 is more than $100,000, under the plain language of the Automobile Policy, the 2019 Ram 1500 does not qualify as an "underinsured motor vehicle".

30. Second, the limits reduction provision applicable to the Automobile Policy's **UNDERINSURED MOTORISTS COVERAGE- ILLINOIS** endorsement would also preclude the possibility of underinsured motorists coverage for Briggs.

   a. Under the endorsement, Madison Mutual does not even potentially have an obligation to pay underinsured motorists benefits until the limits of liability under all applicable bodily injury liability policies have been exhausted by payment of judgments or settlements.

   b. In light of this precondition for the payment of underinsured motorists benefits, Madison Mutual would not even potentially owe underinsured motorists benefits until the at least $250,000 available in liability coverage on the 2019 Ram 1500 is exhausted by settlement or judgment.

   c. However, under the limits reduction provisions applicable to the Automobile Policy's **UNDERINSURED MOTORISTS COVERAGE- ILLINOIS** endorsement, the limit of liability for underinsured motorists coverage is reduced by all sums paid because of a bodily injury to Briggs by or on behalf of any person or organizations that may be legally responsible.

   d. As a consequence, once the at least $250,000 available in liability coverage on the 2019 Ram 1500 is exhausted by settlement and judgment, Briggs would have received over $250,000 paid on behalf of a person that may be legally responsible, and the limits of liability for underinsured motorists coverage would be reduced to $0.00.

As a consequence, Madison Mutual Insurance Company prays that this Honorable Court enter judgment in its favor on this Complaint for Declaratory Judgment and declare that Madison

Mutual Insurance Company does not owe Jeffery Briggs any underinsured motorists benefits under an Automobile Policy, bearing policy number PA000066134, for an accident occurring on or about February 22, 2025.

                                            MADISON MUTUAL INSURANCE COMPANY

                                      BY:   /s/ Patrick D. Cloud
                                        HEYL, ROYSTER, VOELKER & ALLEN, P.C.
                                          Patrick D. Cloud / ARDC #6282672

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
PRIMARY E-MAIL:  edwecf@heylroyster.com
SECONDARY E-MAIL #1:  pcloud@heylroyster.com